IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **CIENA CORPORATION** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:05 CV 14 |
| | § | |
| **NORTEL NETWORKS INC.,** | § | |
| **NORTEL NETWORKS CORP.** | § | |
| **NORTEL NETWORKS LIMITED** | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Ciena's Unopposed Motion for Leave to Amend Its Pleadings and Invalidity Contentions (Docket No. 68) and Nortel's Motion for Leave to Amend Its Pleadings to Add Defenses and/or Counterclaims on Inequitable Conduct (Docket No. 73). Having considered the parties' written submissions, the Court **GRANTS** Ciena's motion and **DENIES** Nortel's motion.

**BACKGROUND**

Ciena has asserted nine patents against Nortel, and Nortel has asserted thirteen of its own patents against Ciena. The deadline for both parties to add inequitable conduct allegations to their pleadings was June 14, 2005. After that date, the parties are required to seek leave of Court to add such allegations. June 14 was also the date by which the parties were to comply with Patent Rules 3-3 and 3-4 by asserting, or amending, their invalidity contentions. Thereafter, pursuant to P.R. 3-7, the parties must seek leave of Court, which shall be given only upon a showing of good cause, to add or amend their invalidity contentions. Ciena now seeks the Court's leave to amend its pleadings and invalidity contentions. Nortel seeks the Court's leave to amend its pleadings.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id*.

## CIENA'S MOTION

Ciena moves the Court for: (1) leave to amend its reply to Nortel's counterclaim to assert the affirmative defense of inequitable conduct as to U.S. Patent No. 5,959,990 (the "'990 patent"), (2) leave to amend its complaint to incorporate inequitable conduct into its request for declaratory judgment, and (3) leave to amend its invalidity contentions as to the '990 patent in order to include newly revealed prior art. Ciena contends that on July 13, 2005 it received documents pursuant to a third-party subpoena that included expert reports on the '990 patent from a previous Nortel litigation involving the patent. The documents claim that Paul Frantz, one inventor of the '990 patent, attended meetings and conferences during which presentations were given that taught all the elements of claims 1 and 2. Allegedly, Frantz did not disclose this information to the Patent and Trademark Office during prosecution. Ciena contends this constitutes inequitable conduct.

Ciena asserts that it missed the Court's June 14 deadline because it did not receive this information until nearly a month after the deadline. Ciena also insists that it diligently pursued obtaining the documents from the third party and promptly informed Nortel of its intent to amend its pleadings and invalidity contentions after Ciena received the documents. Ciena's explanation for its failure to meet the Court's deadline is reasonable.

If the documents prove what Ciena alleges, they will invalidate one of the patents in the suit. Thus, the documents are important to the suit.

If Ciena is allowed to amend its invalidity contentions and pleadings, Nortel will be forced to defend the allegations, which could invalidate the '990 patent. Fact and expert discovery does not end until March 3, 2006. This should allow Nortel adequate time to conduct discovery on these claims. If this time is not sufficient, the Court can consider adjusting the discovery deadline to mitigate any prejudice to Nortel.

Pursuant to the Court's oral ruling at the August 30, 2005 hearing, Nortel will choose seven patents to take to trial first, which means that although trial is set for June 12, 2006 this patent may not go to trial until much later. If the Court allows the amendments and Nortel does experience great prejudice, the Court can consider moving the trial date on this patent, although the Court does not believe that will be necessary. Weighing these considerations, Ciena has shown good cause for its motion to amend. Accordingly, the Court grants Ciena's motion.

## NORTEL'S MOTION

Nortel moves to amend its answer and counterclaims to add inequitable conduct claims and defenses to its pleadings. Alternatively, Nortel moves the Court to extend the deadline for adding inequitable conduct claims in this case for both parties until after depositions can be taken. Nortel

claims that it has been reviewing the file histories of U.S. Patent Nos. 5,715,076, 6,618,176, and 6,278,535 and included facts from the file histories in its invalidity contentions. Nortel asserts that it did not make inequitable conduct allegations prior to the Court's deadline because Nortel was attempting to gather facts to satisfy the elements of inequitable conduct allegations. Nortel contends it was unable to gather the requisite evidence because it would have been unprepared for the necessary depositions since document production was still ongoing.

Nortel argues that the Court should consider the parties' motions for leave together and contends that it would be inequitable to allow Ciena leave while not allowing Nortel leave. Under Rule 16(b), both parties must show that they have good cause to amend their pleadings. Nortel's explanation for its failure to meet the Court's deadline is unsatisfactory. Nortel claims that it was unable to meet the deadline because discovery was at an early statge, but Nortel never asked the Court to postpone the deadline so that it could conduct discovery on inequitable conduct allegations. Nortel also claims that it did not allege inequitable conduct because it not believe Ciena would assert inequitable conduct claims. This amounts to no explanation at all. Rarely, if ever, can a party explain its failure to take some action by relying on what it believed the other party would do.

The basis for Nortel's inequitable conduct claims arises from its review of the patents' file histories. Before the deadline passed, Nortel had sufficient information for it to know that it may have a viable inequitable conduct claim. Nortel claims that it did not have sufficient evidence to add its inequitable conduct claims prior to the deadline but has offered no additional information it has gathered since it formed that opinion. Accordingly, what would be excluded seems of little importance since Nortel admits its evidence is insufficient.

If the Court allows Nortel to amend its pleadings based on information Nortel had prior to

the deadline to amend, Ciena would be greatly prejudiced by being forced to abide by more limited deadlines than Nortel. Such prejudice could not be fully cured by continuing the trial date, but only by continuing the deadline to add inequitable conduct claims. Since Ciena was able to show good cause for its amendments, this relief would be useless to Ciena and thus no cure at all. Accordingly, Nortel has not satisfied Rule 16(b)'s good-cause requirement.

Nortel also contends that the Court should grant it leave under Rule 15(a). However, Rule 15(a) applies only after the movant demonstrates good cause under Rule 16(b), which Nortel has not done. *See S&W Enters.*, 315 F.3d at 536.

Alternatively, Nortel argues that the Court should extend the deadline for both parties to add inequitable conduct claims until after the parties have deposed the named inventors. The Court declines to do so. A district court has the inherent power to control its own docket, and how to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The Court has overseen many patent cases under similar Docket Control Orders as the one issued in this case. In no other case has the Court found it necessary to move the deadline until after depositions are taken. In fact, adding inequitable conduct claims at such a late date is more problematic because the party defending against them has less of an opportunity to prepare its defense. Rather, the Court has found that the good-cause requirement is sufficient to ensure the fair administration of justice when evidence is discovered after the deadline has passed, which happens frequently.

Finally, Nortel argues that the Court should extend the deadline under Rules 6(b) and 13(f), which permit extension of a deadline when a party has acted with "excusable neglect." Nortel's contention that it did not previously add the inequitable conduct claims because it did not have

5

sufficient evidence belies its assertion that it failed to meet the deadline through "excusable neglect."

## CONCLUSION

For the reasons given above, Ciena has shown good cause to amend its pleadings and invalidity contentions. Accordingly, the Court **GRANTS** Ciena's motion. However, on this record, Nortel has not shown good cause to amend its pleadings, and the Court is not swayed by Nortel's other arguments. Accordingly, the Court **DENIES** Nortel's motion without prejudice to its reurging.

**So ORDERED and SIGNED this 1st day of September, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**