**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CIENA CORPORATION** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO.  2:05 CV 14** |
| | § | |
| **NORTEL NETWORKS INC.,** | § | |
| **NORTEL NETWORKS CORP.** | § | |
| **NORTEL NETWORKS LIMITED** | § | |
| | § | |
| **Defendants** | § | |

**MEMORANDUM OPINION AND ORDER**

In accordance with the Court's ruling from the bench at the hearing held on January 24, 2006, the Court **GRANTS** Defendant Nortel Networks Inc.'s ("Nortel") Renewed Motion for Leave to Amend Its Pleadings to Add Defenses and Counterclaims on Inequitable Conduct (Docket No. 123).

**BACKGROUND**

In the present case, Ciena Corporation ("Ciena") has asserted nine patents against Nortel, and Nortel has asserted thirteen patents against Ciena.  The deadline for both parties to add inequitable conduct claims to their pleadings was June 14, 2005.  After that date, the parties are required to seek leave of Court to add such claims.  On August 12, 2005, in response to Ciena's motion for leave to amend to add inequitable conduct claims, Nortel filed its first Motion for Leave to Amend Its Pleadings to Add Defenses and/or Counterclaims on Inequitable Conduct (Docket No. 73).  On September 1, 2005, the Court issued a Memorandum Opinion and Order (Docket No. 85) denying Nortel's motion "without prejudice to its reurging."

Nortel presents evidence not available to it as of the June 14 deadline or at the time it filed

1

its first Motion to Amend.  Based on this additional information, Nortel filed the present motion to

add its inequitable conduct claims.  Ciena opposes Nortel's motion arguing that Nortel had sufficient

evidence to plead its inequitable conduct claims before the June 14, 2005 deadline and, therefore,

cannot demonstrated sufficient good cause to add its claims at this time.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control

Order upon a showing of good cause.  FED. R. CIV. P. 16.  The good cause standard requires the party

seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling

deadlines.  *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).  The

Court has broad discretion to allow scheduling order modifications and considers four elements to

determine if modification is appropriate:  (1) the explanation for the party's failure to meet the

deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court

allows the thing that would be excluded, and (4) the availability of a continuance to cure such

prejudice.  *Id.* at 536.

## ANALYSIS

1.    Nortel's Explanation for Failing to Meet the June 14 Deadline

To prevail on a claim of inequitable conduct, Nortel must prove that Ciena withheld material

information from the Patent Office with an intent to deceive.  *See Perspective Biosytems, Inc. v.*

*Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000).  Nortel's alleged inequitable conduct

claims apply to two of Ciena's patents-in-suit, U.S. Patent Nos. 5,715,076 (the "'076 patent") and

6,618,176 (the "'176 patent").  Ciena's employee, Stephen B. Alexander ("Alexander") was the lead

inventor of both the '076 and the '176 patents.  Nortel contends that during prosecution of the '076

and '176 patents Ciena withheld from the Patent Office an article titled "A Precompetitive Consortium On Wide-Band All-Optical Networks," (the "JTL article"), co-authored by Alexander, and information related to Alexander's membership and involvement in the All-Optical Networking Consortium (the "AON Consortium").  The AON Consortium is a group whose work on optical networks is discussed in the JTL article.[1]  Although Nortel possessed the JTL article prior to the June 14 deadline to amend and before filing its previous Motion for Leave to Amend, Nortel claims it did not previously have sufficient evidence to prove that Ciena intentionally withheld the article or Alexander's involvement with the AON Consortium from the Patent Office.  Nortel argues that it did not want to assert its inequitable conduct claims until it could confirm its suspicions of such claims through additional discovery.  Nortel has since received and reviewed documents related to the AON Consortium from the Massachusetts Institute of Technology's ("MIT") Lincoln Laboratories and taken Alexander's deposition.

Nortel first began seeking the documents from MIT's Lincoln Laboratories in late May or early June of 2005 and subpoenaed the documents on June 17, 2005.  However, due to certain delays out of Nortel's control, the last of the Lincoln Laboratory documents were not produced until September 14, 2005.  In reviewing these documents, Nortel recognized the extent of Alexander's involvement in the AON Consortium, specifically as it related to certain projects involving the subject matters of both the '076 and '176 patents.  Consequently, Nortel began efforts to schedule Alexander's deposition beginning on September 9, 2005.  Ciena did not produce Alexander until

---

[1] The All-Optical Networking Consortium is a group of companies and institutions, including AT&T's Bell Laboratories, Digital Equipment Corporation, and the Massachusetts Institute of Technology's Lincoln Laboratories, that were conducting work on optical networks.

November 10, 2005.[2]  Nortel claims the information gained from these two sources provided it with

sufficient evidence of Ciena's intent to withhold information from the Patent Office to support

Nortel's claims of inequitable conduct.

In the Court's September 1, 2005 Memorandum Opinion and Order, the Court allowed Ciena

to amend its pleadings to add claims of inequitable conduct against Nortel.  The Court stated:

> Ciena asserts that it missed the Court's June 14 deadline because it did not receive
> this information until nearly a month after the deadline.  Ciena also insists that it
> diligently pursued obtaining documents from the third party and promptly informed
> Nortel of its intent to amend its pleadings and invalidity contentions after Ciena
> received the documents.  Ciena's explanation for its failure to meet the Court's
> deadline is reasonable.

It is apparent from Nortel's briefs and oral argument that Nortel uncovered significant additional

evidence through the documents provided by MIT's Lincoln Laboratories and the Alexander

deposition.  This information was not available to Nortel prior to the June 14, 2005 deadline to

amend its pleadings or at the time it filed its first Motion to Amend.  This evidence provides much

stronger support for Nortel's inequitable conduct claims than the minimal evidence Nortel possessed

and presented in its first Motion to Amend.  Nortel was diligent in continuing to investigate its

inequitable conduct claims and in informing Ciena of its intent to amend its pleadings to add the

claims.  Ciena has been aware of Nortel's intent to amend since at least August of 2005.  Despite its

diligence, Nortel was unable to obtain sufficient evidence to prove its claims until November of

2005.  Nortel's explanation for its failure to meet the Court's deadline is also reasonable.

---

[2] During oral argument, Ciena acknowledged making statements to Nortel indicating that Ciena would not
attempt to treat Alexander's November 10 deposition date as a delay on the part of Nortel.

2.      The Importance of the Inequitable Conduct Claims

The importance of the inequitable conduct claims is undisputed.  If Nortel is able to prove its alleged claims, the '076 and '176 patents would be rendered unenforceable.

3.      Potential Prejudice to Ciena if the Court Allows the Inequitable Conduct Claims

Ciena argues that it would suffer prejudice if the Court allows Nortel to add its inadequate conduct claims.  Ciena cites the Court's September 1, 2005 Order, which states, "If the Court allows Nortel to amend its pleadings based on information Nortel had prior to the deadline to amend, Ciena would be greatly prejudiced by being forced to abide by a more limited deadline than Nortel."  The Court's September 1, 2005 Order specifically states that Ciena would be prejudiced if the Court allowed Nortel to amend "based on information Nortel had prior to the deadline to amend."  The Court is not allowing Nortel to amend based on such information but rather on additional information Nortel acquired after the June 14 deadline.  Ciena would have suffered prejudice if Nortel's first motion to amend were granted in that Ciena would have been held to a good cause standard while Nortel was not.  Here, the Court holds Nortel to the same good cause standard it held Ciena to on its motion to add inequitable conduct claims in September.

Ciena also argues that it would suffer prejudice because the close of discovery is less than two months away.  However, Ciena has been on notice that Nortel's inequitable conduct claims may be at issue in this case at least since the Court's September 1 Order denying Nortel's first motion to amend without prejudice.  Furthermore, although Ciena might have suffered some prejudice due to the impending discovery deadline, any such prejudice has been alleviated by the Court.  In accordance with the Court's ruling from the bench on January 24, 2006, the discovery deadline has been extended until May 3, 2006.

4.      The Availability of a Continuance to Cure Any Such Prejudice

Any prejudice that Ciena may have suffered by the addition of Nortel's inequitable conduct claims has been alleviated by the Court's extension of the discovery deadline.  Although Ciena is not likely to suffer any future prejudice, the Court could grant an additional continuance should any such prejudice arise.

**CONCLUSION**

Nortel has demonstrated sufficient good cause to amend its pleadings to add its defenses and counterclaims on inequitable conduct.  For the reasons discussed above, and in accordance with the Court's ruling from the bench on January 24, 2006, the Court **GRANTS** Nortel's Renewed Motion for Leave to Amend Its Pleadings to Add Defenses and Counterclaims on Inequitable Conduct.  Furthermore, in accordance with the Court's ruling from the bench on January 24 2006, the Court **AMENDS** the Docket Control Order and extends the discovery deadline from March 3, 2006 to May 3, 2006.

        **So ORDERED and SIGNED this 9th day of February, 2006.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**